■ PAUL FARMER, Respondent, v GREEN BUS LINES, INC., Appellant. [679 NYS2d 88] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated

August 15, 1997, as denied that branch of its cross motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint is granted, and the complaint is dismissed.

The plaintiff, who was a tourist, boarded a bus in Queens County along with his cousin. The bus was owned and operated by the defendant Green Bus Lines, Inc. (hereinafter Green Bus). The plaintiff told the bus driver that they wanted to get off at the Roy Rogers restaurant located at Metropolitan Ave. and Woodhaven Blvd. Before they reached that stop, however, an unidentified male (hereinafter the plaintiff's assailant) told the plaintiff and his cousin that they had reached their intended destination. Actually, the stop at which the plaintiff and his cousin wanted to get off was about 20 blocks away. The plaintiff and his cousin exited the bus, along with the plaintiff's assailant.

After exiting the bus, the plaintiff's assailant confronted the plaintiff and grabbed the plaintiff's back pack, leading to a struggle with the plaintiff. As the plaintiff was surrendering the back pack, his assailant pulled a knife out of his pocket, stabbed the plaintiff twice in the chest, and fled.

The plaintiff brought the instant action against Green Bus to recover damages he sustained in the attack, alleging, *inter alia*, that the bus driver "performed his duties improperly and inadequately".

At issue on the instant appeal is whether the plaintiff's complaint states a cause of action (*see,* CPLR 3211 [a] [7]). It is well settled that on such a motion, the court's "task is to determine whether, 'accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated'" (*Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318, quoting *People v New York City Tr. Auth.,* 59 NY2d 343, 348).

"Under New York law, a carrier is generally not liable to its passengers for the misconduct of fellow passengers unless it anticipated or, in the exercise of reasonable care, ought to have anticipated the likelihood of injury" (*German-Bey v National R. R. Passenger Corp.,* 703 F2d 54, 55 [2d Cir 1983]; *see, Green Bus Lines v Ocean Acc. & Guar. Corp.,* 287 NY 309, 312 ["(A) common carrier has a legal duty, after due notice, to protect its passengers from the assaults of fellow passengers"]; *O'Leary v American Airlines,* 100 AD2d 959). In the instant case, the

plaintiff's complaint fails to state a cause of action. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.