■ JOSEPH PANICO, Appellant, v LONG ISLAND RAILROAD, Respondent. [691 NYS2d 556] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated April 7, 1998, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the motion of the defendant, Long Island Railroad, for summary judgment dismissing the complaint. Under New York law, a carrier is generally not liable to its passengers for the misconduct of fellow passengers unless it anticipated or, in the exercise of reasonable care, ought to have anticipated, the likelihood of injury (*see, Farmer v Green Bus Lines,* 254 AD2d 389; *German-Bey v National R. R. Passenger Corp.,* 703 F2d 54, 55). Here, the plaintiff failed to present any evidence which would indicate that the actions of a passenger, who, with apparently no provocation, indiscriminately shot other passengers in his train, were foreseeable.

The appellant's remaining contentions are without merit. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.