■ MICHELLE C. SCHLECTER et al., Appellants, v JERRIANN ABBONDANDELLO et al., Defendants, and PIERCE COUNTRY DAY SCHOOL, INC., Respondent. (And a Third-Party Action.) [731 NYS2d 497] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated June 22, 2000, which, upon the granting of that branch of the motion of the defendant Pierce Country Day School, Inc., which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, with costs, the branch of the motion of the defendant Pierce Country Day School, Inc., which was to dismiss the complaint insofar as asserted against it for failure to state a cause of action is denied, and the complaint is reinstated insofar as asserted against that defendant.

The plaintiffs were injured when their vehicle collided with a vehicle driven by the defendant Jerriann Abbondandello as she was exiting the driveway of the defendant Pierce Country Day

School, Inc. (hereinafter the school). The plaintiffs claim that a row of buses lined up outside of the school's driveway obstructed Abbondandello's view of approaching traffic and caused the accident.

The Supreme Court improperly granted that branch of the school's motion which was to dismiss the complaint insofar as asserted against it for failure to state a cause of action (*see,* CPLR 3211 [a] [7]). Contrary to the school's contention, accepting as true the factual averments of the complaint and according the plaintiffs the benefits of all favorable inferences which may be drawn therefrom, the plaintiffs could succeed upon a reasonable view of the facts stated (*see, Farmer v Green Bus Lines,* 254 AD2d 389). Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.