■ THOMAS KAISER et al., Appellants, v BRYAN DELANEY, Defendant, and SOUTH BAY WATER TAXI et al., Respondents. [777 NYS2d 665]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated September 23, 2002, as amended January 2, 2003, which granted the motion of the defendants South Bay Water Taxi, John Sanders, and Kevin W. Payne for summary judgment dismissing the complaint insofar as asserted against them.

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated February 21, 2003, as, upon reargument, adhered to its prior determination in an order dated September 23, 2002, as amended January 2, 2003, granting the motion of the defendants

South Bay Water Taxi, John Sanders, and Kevin W. Payne for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allegedly sustained damages arising from an assault upon the plaintiff Thomas Kaiser by fellow passengers while on a water taxi. They commenced this action against, among others, the defendants South Bay Water Taxi, John Sanders (the owner of South Bay Water Taxi), and Kevin W. Payne (the captain of the water taxi) (hereinafter collectively referred to as the respondents). In opposition to the respondents' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs did not raise a triable issue of fact that the respondents failed to exercise reasonable care under all of the circumstances, or anticipated, or, in the exercise of reasonable care, ought to have anticipated the likelihood of injury to the plaintiff Thomas Kaiser by the actions of fellow passengers (*see Panico v Long Is. R.R.*, 262 AD2d 293 [1999]; *Farmer v Green Bus Lines*, 254 AD2d 389, 390 [1998]; *see also Bethel v New York City Tr. Auth.*, 92 NY2d 348 [1998]). Accordingly, the Supreme Court properly adhered to its original determination granting the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.