*168 OPINION OF THE COURT
Alan D. Scheinkman, J.
Defendants Restaurant Associates Events Corp. (Restaurant Associates) and Compass Group USA, Inc. (Compass) move, pursuant to CPLR 3211 (a) (7), to dismiss much of the complaint of plaintiffs Jenica Martin, Daniel Yahraes, Charles Dudley, Charles Nassif, Arletty Diaz and Nechesa Morgan (collectively plaintiffs).
Relevant Background
Plaintiffs are present and former employees of defendants’ catering business. In this action, plaintiffs seek, on behalf of themselves and putatively on behalf of a class of over 1,000 similarly situated persons, to recover what they contend are gratuities paid by defendants’ customers to defendants but which defendants assert were mandatory service charges to be kept by defendants. To state the matter plainly, plaintiffs seek to place their claims within the ambit of Samiento v World Yacht Inc. (10 NY3d 70 [2008]), which sustained the viability of a cause of action by catering employees to recover for service charges imposed by their employers where a reasonable event patron would understand that the service charges were collected in lieu of a gratuity. Defendants seek dismissal, arguing Samiento requires that the complaint allege at least some facts to support a conclusion that the defendant caused its customers to believe that the service charges were gratuities.[1] Defendants appear to contend that if the customers believed the service charges were gratuities for defendants’ employees, defendants can retain the service charges if plaintiffs cannot allege and prove that defendants did something to cause their patrons to have such a belief.
The Allegations of the Complaint
The court turns to the allegations of the complaint, dated August 2, 2011, which must, for present purposes, be accepted as true.
Restaurant Associates is alleged to be a full-service catering company that frequently serves some of New York City’s most prominent social events, such as the reopening of Alice Tully *169 Hall and Fashion Week. It is said to be the exclusive caterer for many prominent venues, including such locales as the American Museum of Natural History, Carnegie Hall, Lincoln Center, and the Metropolitan Museum of Art (affirmation of Sara D. Sheinkin, Esq., dated Sept. 23, 2011 [Sheinkin aff], exhibit A [complaint], ¶¶ 1, 25). According to the complaint, Restaurant Associates is a subsidiary of Compass (complaint ¶ 10) and it was Compass who paid plaintiffs (id. ¶ 12).
All but two of the plaintiffs are claimed to be present employees of defendants and the remaining two plaintiffs (Charles Dudley and Charles Nassif) are alleged to have worked for defendants in the past (id. ¶ 3-8).
The complaint alleges that when defendants contract with customers to cater events, defendants charge their customers a service charge which is a percentage (ranging from 15% to 20%) of all charges billed to customers, including food, beverage and service labor (id. ¶ 27). Plaintiffs aver that several sample catering menus for the New York Academy of Sciences stated that a 20% service charge would be charged on all food and drink and service labor: “BASED ON A MINIMUM OF 25 GUESTS FOR THE BOARD ROOM AND CONFERENCE ROOM AND 75 GUESTS FOR THE AUDITORIUM, MENU AND LABOR INCLUSIVE. 20% SERVICE CHARGE AND 8.375% NYC TAX APPLY” (complaint ¶ 28).
Plaintiffs also allege that “Hospitality Drop-off Order Forms,” issued in September 2010 and February 2011 and relating to the provision of catering and waitstaff for hospitality suites and lounges at the Fashion Week event, stated that a 15% service charge would be applied on all orders. According to the complaint, the September 2010 form contained a checklist of various catered food as well as a miscellaneous category listing “Service Labor (1 Captain, 1 Bartender, 1 Butler)” to be provided by Restaurant Associates to serve the food (id. ¶ 29; a copy of the Sept. 2010 form is annexed to the complaint as exhibit A).
Plaintiffs allege that the order forms used by Restaurant Associates did not disclose that the 15% service charge was not a gratuity. More broadly, plaintiffs allege that defendants failed to disclose that the service charge was being retained by them and was not a gratuity or tip. From this failure to disclose, plaintiffs infer that defendants “lead their customers to reasonably believe” that the service charge will be paid over to the employees who worked the event (id. ¶ 30). However, plaintiffs allege *170 that defendants keep the service charge and share none of it with the employees (id.).
Plaintiffs allege that defendants’ employees were subject to termination of employment if they discussed gratuities with a customer. Further, plaintiffs aver that the employee handbook of Restaurant Associates prohibits employees from soliciting any gifts as well as from accepting any gifts. From this prohibition, plaintiffs infer that a reasonable customer would believe that the service charge is a gratuity (id. ¶ 31). Plaintiffs allege that “[defendants’ policies have the effect of actively misleading customers to believe that the Service Charge is a gratuity” (id.).
Plaintiffs present a single cause of action, one which is predicated upon an alleged violation of section 196-d of the Labor Law. Plaintiffs assert: (a) the service charge was a gratuity; (b) defendants failed to tell their customers that the service charge was not a gratuity; (c) defendants never provided clear written notice to their customers, on the bills presented to them for payment, that the service charge was not a gratuity; and (d) a reasonable customer would likely believe that the service charge was a gratuity intended for the employees (id. ¶¶ 33-34).
Based on these allegations, plaintiffs seek to recover the service charges (or at least the ones collected by defendants in the six years prior to the commencement of the action), attorneys’ fees, interest and costs (id. ¶ 35).
The Contentions of the Parties
Defendants move to dismiss the complaint to the extent that ■ plaintiffs seek recovery for service charges imposed during the period prior to March 1, 2011. Defendants contend that a claim based on the unlawful retention of gratuities requires that plaintiffs “affirmatively and plausibly” plead that defendants represented or allowed their customers to believe that the mandatory service charges paid by customers were in lieu of a gratuity for the service employees (defendants’ mem of law at 1). Defendants state that new regulations for the hospitality industry impose a rebuttable presumption that a charge for service is a charge purported to be a gratuity (defendants’ reply mem at 8, citing 12 NYCRR 146-2.18 [ b]). According to defendants, these regulations were first publicized in December 2010, with an effective date of January 1, 2011, and the New York State Department of Labor has “indicated” that employers would have until February 28, 2011 to come into compliance *171 (defendants’ reply mem at 8). Defendants contend that, with respect to service charges collected under customer agreements made prior to March 1, 2011, employees are not entitled to any recovery unless they allege and prove that defendants did something affirmative to induce their customers to believe that the charges were in fact gratuities for employees (see defendants’ mem of law at 4-5).[2]
In support of their motion, defendants offer a memorandum of law and an attorney affirmation to which are annexed copies of: (a) the complaint in this action; (b) a Labor Department memorandum of June 1, 1995; (c) a Labor Department response to request for opinion, dated March 26, 1999; (d) a Department of Labor public notice regarding its recent rulemaking; and (e) a Labor Department response to request for opinion dated December 1, 2008. The last four enumerated items relate to defendants’ contention that the Department of Labor, in construing section 196-d, consistently had standards in place until March 1, 2011 under which a mandatory service charge would not be regarded as a gratuity unless it was affirmatively represented as such to the customer (defendants’ mem of law at 3).
In opposition, plaintiffs assert that they are not required to allege that defendants actively mislead their customers and, in any event, plaintiffs contend that they have sufficiently alleged that these defendants engaged in active misleading of customers (plaintiffs’ mem of law at 7-9). Plaintiffs also point out that, while defendants’ contention that plaintiffs must “affirmatively and plausibly” allege their claims has support in federal law, there is no “plausibility” standard under New York State pleading rules (id. at 6 n 3). Plaintiffs submit a memorandum of law and an attorney affirmation to which are annexed copies of: (a) section 196-d; (b) the amicus brief submitted by the New York State Attorney General and the Labor Department to the Court of Appeals in Samiento; (c) a Department of Labor response to request for opinion dated March 11, 2010; and (d) excerpts from *172 a hospitality industry minimum wage order, effective January 1, 2011. These materials relate, in the main, to plaintiffs’ contention that whether a service charge purports to be a gratuity within the meaning of the statute is decided by reference to what a reasonable customer would believe (plaintiffs’ mem of law at 6-7).
Defendants’ reply memorandum is mostly a restatement of defendants’ previous contentions; the most salient point is the explanation provided as to defendants’ views as to the effect of the new regulation.
The Legal Standards on a Motion to Dismiss
The legal standards to be applied in evaluating a motion to dismiss pursuant to CPLR 3211 (a) (7) are well-settled. In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action (Cooper v 620 Props. Assoc., 242 AD2d 359 [2d Dept 1997], citing Weiss v Cuddy & Feder, 200 AD2d 665 [2d Dept 1994]). If from the four corners of the complaint factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, a motion to dismiss will fail (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Cooper, 242 AD2d at 360). The court’s function is to “ ‘accept. . . each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiffs ability ultimately to establish the truth of these averments before the trier of the facts’ ” (id., quoting 219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 509 [1979]). The court is to determine whether, accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated (Farmer v Green Bus Lines, 254 AD2d 389, 390 [2d Dept 1998]). The pleading is to be liberally construed and the pleader afforded the benefit of every possible favorable inference (511 W. 232nd Owners Corp., supra). The court “must take the allegations asserted within a plaintiff’s complaint as true and accord plaintiff the benefit of every possible inference, determining only whether the facts as alleged fit within any cognizable legal theory” (Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008]).
Where the plaintiff submits evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (Leon v Martinez, 84 NY2d 83 [1994]; Simmons v Edelstein, 32 *173 AD3d 464 [2d Dept 2006]; Hartman v Morganstern, 28 AD3d 423 [2d Dept 2006]; Meyer v Guinta, 262 AD2d 463 [2d Dept 1999]). On the other hand, a plaintiff may rest upon the matter asserted within the four corners of the complaint and need not make an evidentiary showing by submitting affidavits in support of the complaint. A plaintiff is at liberty to stand on the pleading alone and, if the allegations are sufficient to state all of the necessary elements of a cognizable cause of action, will not be penalized for not making an evidentiary showing in support of the complaint (Kempfv Magida, 37 AD3d 763 [2d Dept 2007]; see also Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]).
Affidavits may be used to preserve inartfully pleaded, but potentially meritorious, claims; however, absent conversion of the motion to a motion for summary judgment, affidavits are not to be examined in order to determine whether there is evidentiary support for the pleading (Rovello, supra; Pace v Perk, 81 AD2d 444, 449-450 [2d Dept 1981]; see Kempf, supra; Tsimerman v Janoff, 40 AD3d 242 [1st Dept 2007]). Affidavits may be properly considered where they conclusively establish that the plaintiff has no cause of action (Taylor v Pulvers, Pulvers, Thompson & Kuttner, 1 AD3d 128 [1st Dept 2003]; M & L Provisions v Dominick’s Italian Delights, 141 AD2d 616 [2d Dept 1988]; Fields v Leeponis, 95 AD2d 822 [2d Dept 1983]).
Here, while plaintiffs have offered some legal and administrative materials which bear on the legal issues raised, plaintiffs have elected not to submit any evidentiary material in support of their factual allegations. Accordingly, the court views plaintiffs as having elected to stand on their pleading; the question thus distills to whether plaintiffs have presented the necessary elements for a cognizable cause of action, giving their complaint a liberal construction and the benefit of every possible favorable inference.
The Complaint States a Cause of Action under Labor Law § 196-d
In so far as relevant for present purposes, section 196-d of the Labor Law provides:
“No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any *174 part of a gratuity or of any charge purported to be a gratuity for an employee.”
In Samiento v World Yacht Inc. (10 NY3d 70 [2008]), the Court of Appeals held that a charge which is not a voluntary payment may be a “charge purported to be a gratuity” within the meaning of the statute. The principal issue in Samiento, as defined by the Court itself, was whether section 196-d applied only to voluntary gratuities or tips presented by a customer or whether the statute also reached to service charges that are not mandatory but which are “held out to the customer as a substitute for a tip” (Samiento, 10 NY3d at 74).
In Samiento, the defendants operated dining or banquet cruises in New York harbor. Plaintiffs, employees on banquet cruises, alleged that a 20% service charge was imposed and that customers were told that the proceeds were remitted to the waitstaff as the gratuity but the proceeds were not so remitted and, because of the service charge, customers did not themselves pay any gratuity (id. at 75). The Court of Appeals addressed whether plaintiffs had stated a cause of action under Labor Law § 196-d. Defendants asserted that, in order to come within section 196-d, a payment must be voluntary and, therefore, a mandatory charge could not come within the purview of the statute. The Court of Appeals disagreed. It held that the statute is to be liberally construed and that if a charge, even if mandatory, purports to be a gratuity, it is within the reach of the statute. Whether a charge “purports to be a gratuity” is measured by whether a reasonable patron would understand that a service charge was being collected in lieu of a gratuity (id. at 79).
The parties here disagree on the application of Samiento. Defendants point out that the cause of action sustained by the Court of Appeals in Samiento was composed of allegations to the effect that the defendants affirmatively told their customers that the 20% service charge was remitted to the waitstaff as the gratuity (id. at 75). Further, in framing the issue, the Court presented the question as whether the statute applies “to a service charge that is held out to the customer as a substitute for a tip” (id. at 74 [emphasis added]). In addition, in describing the plaintiffs’ contentions, the Court of Appeals stated that plaintiffs were asserting that “defendants violated Labor Law § 196-d by informing their banquet patrons that the 20% service charge was the waitstaffs’ tip” and that another of the defendants told “its travel and tour patrons as well as its special event patrons that a gratuity was included within the ticket *175 price for the cruise” (id. at 77). According to the Court, the complaint in Samiento “alleges that [a defendant] told inquiring patrons that the service charge is the gratuity, or that it is paid to the waitstaff as additional compensation in place of a gratuity, thus discouraging patrons from leaving an additional tip” (id. at 78). Significantly, the Court concluded that where “a service charge has been represented to the consumer as compensation to defendants’ waitstaff in lieu of the gratuity, such allegation is covered within the statutory language of Labor Law § 196-d” (id. at 79).
On the other hand, plaintiffs argue that Samiento teaches that the phrase “purported to be a gratuity” is to be read more broadly than defendants advocate and, as so read, applies to passive conduct as well as active conduct. In Samiento, the Court took note of the phrase “any charge purported to be a gratuity” and relied on dictionary definitions of the terms “charge” and ‘‘purport’’/‘‘purported.’’ As to the latter terms, the Court noted that such terms have been variously defined as meaning reputed or rumored; as conveying an idea or meaning that is expressed; as meaning a false profession or claim; or as meaning “to seem to be” (id. at 78 n 3). The Court further took note of the remedial purpose underlying the statute. The statute was drafted to put an end to the “ ‘unfair and deceptive practice’ ” of an employer retaining money paid by a patron “ ‘under the impression that he is giving it to the employee, not to the employer’ ” (id. at 79 n 4, quoting Mem of Indus Commr, June 6, 1968, Bill Jacket, L 1968, ch 1007, at 4). The Court stated that, given this history, the statute should be liberally construed in favor of the employee (id. at 78). The Court went on to express its agreement with the Attorney General and Department of Labor that “the standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer as this standard is consistent with the purpose of Labor Law § 196-d” (id. at 79). In reaching this conclusion, the Court relied upon the March 26, 1999 opinion letter issued by the Department of Labor, quoting it as follows:
“[i]f the employer’s agents lead the patron who purchases a banquet or other special function to believe that the contract price includes a fixed percentage as a gratuity, then that percentage of the contract price must be paid in its entirety to the waiters, busboys and ‘similar employees’ who work *176 at that function, even if the contract makes no reference to such a gratuity” (id. at 79-80).
In the nearly four years that have gone by since the Samiento decision was handed down, no case has been cited by the parties, and none has been found by the court which involved a contention as to the sufficiency of allegations presented for the purpose of formulating a claim under Labor Law § 196-d.
This court touched on the issue to a certain extent in Krebs v Canyon Club, Inc. (22 Misc 3d 1125[A], 2009 NY Slip Op 50291[U] [Sup Ct, Westchester County 2009]), in granting a motion to certify a class action. While Krebs did not involve a motion to dismiss, the court did review the substantive allegations and concluded that they appeared to be sufficient to state a cause of action. In that case, a member of the club’s waitstaff alleged that the club imposed on customers a service charge which customers were either told or led to believe was a gratuity intended for employees but which the club retained for itself in alleged violation of section 196-d. However, as the court noted, the standard for reviewing the substance of the allegations on a motion for class action certification was that while the club contends that the facts are not what plaintiff alleges them to be, the inquiry into the merits on a motion for class action certification is limited to a determination as to whether, on the surface, there appears to be a cause of action which is not a sham. That standard was met.
Another case which touches on the point is Spicer v Pier Sixty LLC (269 FRD 321 [SD NY 2010]), which involved a motion by plaintiffs for class certification and a motion by defendants for summary judgment. In deciding the motion for summary judgment, the federal court relied, in part, on a March 11, 2010 opinion letter from the Department of Labor (exhibit C to affirmation of Orin Kurtz, Esq., dated Nov. 2, 2011). One of the questions answered in the March 11, 2010 opinion letter was whether a banquet operator is required to distribute a percentage service charge to service staff employees if the service charge is added to the banquet contract and nothing is stated about the purpose of the charge. The opinion letter answered this question in the affirmative, reasoning that if nothing is said about the purpose of the charge, a “reasonable patron” would believe that the percentage service charge is for the service staff. The opinion letter puts the burden on the employer, if the employer wants to keep the service charge, to sufficiently disclose to the patrons that the service charge is being retained by the employer and is not being paid to the service staff. The opinion *177 letter also notes that even if a contract explicitly states that a service fee is not a gratuity, a reasonable customer might nonetheless believe otherwise depending on the totality of the circumstances. The Spicer court concluded that this opinion letter was reliable since it was both reasonable and derived from an understanding of the operational practices of the New York banquet industry (Spicer, 269 FRD at 331).
The Spicer court held that factual issues were presented by plaintiffs’ claims based on events for which two particular form contracts were used. One contract, in use prior to April 2008, stated only that “22% of food and beverage sales will be added to your bill.” The other contract, used after August 2008, was very similar but added explicitly that the service charge was “not a gratuity” (Spicer, 269 FRD at 327, 331). In addition to the terms on the contracts, the court pointed to e-mails between customers and defendants in which customers would refer to the service charge as a gratuity and defendants’ representatives would not correct them. There was also evidence that defendants’ sales managers told customers who inquired that servers’ tips were covered by or included in the service charge. These statements, coupled with the paucity of information provided by the contract and by defendants’ well-advertised no-tipping policy, were viewed by the court as factors from which a reasonable jury could conclude that reasonable patrons were led to believe that the entire service charge was a gratuity (id. at 332). On the other hand, the court found no factual question present as to a form contract which clearly disclosed that a stated percentage of food and beverage cost was a gratuity and would be fully distributed to the servers, while a separate percentage was charged as service charge which was clearly stated not to be a gratuity and “serves to offset ancillary expenses associated with the event” (id. at 327, 333).
This court agrees with the March 11, 2010 Labor Department letter and with Spicer that whether a reasonable customer would believe that a mandatory service charge was being collected in lieu of a gratuity is dependent upon the totality of all of the circumstances, including all of the statements made or not made by the employer. This is obviously a fact-intensive inquiry.
The court agrees with defendants’ contention that for a complaint to be sufficient under Samiento it must allege the employer represented or allowed customers to believe that a mandatory service charge was being collected in lieu of a gratuity. Likewise, the court accepts defendants’ argument that the *178 complaint must allege that the employer acted so as to cause customers to believe that the service charge was a gratuity. But accepting these contentions does not entitle defendants to dismissal of the complaint.
It is obvious that by creating and imposing a service charge on customers defendants thereby created the prospect that a reasonable customer could form a belief that the service charge was in lieu of a gratuity, particularly if defendants did not provide any explanation for the service charge. The September 2010 checklist order form states that “a 15% service charge will be applied to all orders” (complaint, exhibit A). One reading, but not necessarily the only reading, of this language is that the charge, being for service, is in lieu of a gratuity: And, in any event, the complaint clearly alleges that defendants’ practices led their customers to reasonably believe that the service charge was in lieu of a gratuity and that defendants’ policies had the effect of actively misleading customers into believing that the service charge is a gratuity (complaint ¶¶ 30, 31).
Bearing in mind that defendants, it is alleged, have prevented plaintiffs from discussing gratuities with customers on pain of termination and that it is defendants who negotiated the terms of the catering contracts with customers and who have exclusive knowledge of the discussions, if any, about service charges, the complaint is sufficiently pleaded to make out a cause of action under section 196-d, particularly given the liberal reading and benefit of all possible inferences that plaintiffs are entitled to.
Accordingly, defendants’ motion to dismiss shall be denied. The court, which previously directed the parties to proceed with disclosure notwithstanding the pendency of this motion, expresses its expectation that discovery will be completed by the April 11, 2012 trial readiness conference.
Conclusion
For the reasons set forth above, it is hereby ordered that the motion by defendants Restaurant Associates Events Corp. and Compass Group USA, Inc., made pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action is denied in all respects, except that the branch of the motion which is to dismiss the demand for attorneys’ fees is denied without prejudice.

. Defendants acknowledge that their contention would not absolve them of liability for the period after March 1, 2011 as defendants concede that new regulations created a rebuttable presumption that a charge for “service” is a charge purported to be a gratuity.

. Defendants also moved to dismiss plaintiffs’ prayer for relief to the extent that plaintiffs requested attorneys’ fees, arguing that unpaid gratuities could not be considered unpaid “wages” for purposes of Labor Law § 198. At a conference held on October 13, 2011, the court indicated that this issue appeared to be premature and would be best and only addressed should plaintiffs prevail on their substantive claim. In their opposition, plaintiffs agree that this aspect of defendants’ motion is premature (plaintiffs’ mem of law at 12 n 6). In their reply, defendants accede to deferment of this issue (defendants’ reply mem at 9). Accordingly, this aspect of defendants’ motion shall be denied, without prejudice.