■ JENICA MARTIN et al., Respondents, v RESTAURANT ASSOCIATES EVENTS CORP. et al., Appellants. [966 NYS2d 436]—

In an action to recover damages for violations of Labor Law § 196-d, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated January 12, 2012, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for alleged violations of Labor Law § 196-d occurring prior to March 1, 2011.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs are former and current employees of the defendant catering companies. The plaintiffs commenced this action to recover damages based on the defendants' alleged violations of Labor Law § 196-d. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for alleged violations of Labor Law § 196-d occurring prior to March 1, 2011, the date when new regulations regarding Labor Law § 196-d went into effect (*see* 12 NYCRR 146-2.18 [b]; 146-2.19 [a]).

Labor Law § 196-d provides, in pertinent part, that "[n]o employer . . . shall demand or accept, directly or indirectly, any part of the gratuities received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." In *Samiento v World Yacht Inc.* (10 NY3d 70, 74 [2008]), which was decided before the regulations went into effect on March 1, 2011, the Court of Appeals held that depending upon the circumstances, even a mandatory service charge added to a bill "may be a 'charge purported to be a gratuity' within

the meaning of [Labor Law § 196-d]." The Court stated that a mandatory service charge can purport to be a gratuity "when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees" (id. at 81). "[T]he standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer" and the "reasonable patron standard should govern when determining whether a banquet patron would understand a service charge was being collected in lieu of a gratuity" (id. at 79).

Here, the complaint alleged that a mandatory 15% to 20% "service charge" separately itemized on the defendants' catering menus and hospitality drop-off forms was a gratuity within the meaning of Labor Law § 196-d because, among other reasons, customers reasonably believed that the service charge was a gratuity, the defendants' policies misled customers into believing that the service charge was a gratuity, and the catering order forms and menus failed to notify customers that the service charge was not a gratuity.

Affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Reichenbaum v Cilmi, 64 AD3d 693, 694 [2009]), the complaint was sufficient to state a cause of action to recover damages for violations of Labor Law § 196-d allegedly occurring prior to March 1, 2011. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for alleged violations of Labor Law § 196-d occurring prior to March 1, 2011. Mastro, J.P., Chambers, Hall and Lott, JJ., concur. **[Prior Case History: 35 Misc 3d 215.]**