■ EDWIN COOPER, Respondent, v 620 PROPERTIES ASSOCIATES et al., Appellants. [661 NYS2d 1001] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Golden, J.), dated October 25, 1996, which denied their motion to dismiss the complaint with leave to renew upon stated conditions.

Ordered that the order is affirmed, without costs or disbursements.

In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action (see, Weiss v Cuddy & Feder, 200 AD2d 665). If from the four corners of the complaint factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, a motion to dismiss will fail (see, Weiss v Cuddy & Feder, supra; Guggenheimer v Ginzburg, 43 NY2d 268; see also, Edison v Viva Intl., 70 AD2d 379). The court's function is to "accept * * * each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiff's ability ultimately to establish the truth of these averments before the trier of the facts" (219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509, citing Becker v Schwartz, 46 NY2d 401, 408; see also, Carney v Memorial Hosp. & Nursing Home, 64 NY2d 770; 6A Carmody-Wait 2d, NY Prac § 38:41, at 290-291). Measured by this standard, the order denying the defendant's pre-answer motion to dismiss was properly made. Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.