■ In the Matter of MARIA KOROTUN et al., Appellants, v LAUREL PLACE HOMEOWNER'S ASSOCIATION, INC. et al., Respondents, and SUSAN MCWALTERS et al., Respondents. [775 NYS2d 567]—

In a proceeding to dissolve a homeowner's association pursuant to Not-for-Profit Corporation Law § 1102, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered January 8, 2003, as granted those branches of the cross motions of Susan McWalters and Richard McWalters, John E. Benstock and Jane Benstock, and Eliot Spitzer, the Attorney General of the State of New York, which were to dismiss the first and second causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

This matter arises out of a dispute between the petitioners and their neighbors over parking in front of their homes in the Incorporated Village of Bayville. The petitioners and neighbors are members of the Laurel Place Homeowner's Association, Inc. (hereinafter the Association), which, according to its certificate of incorporation, was formed, inter alia, to promote and protect the residents' interests, particularly the health, safety, and welfare of the community, and to enforce all the covenants and restrictions attached to their deeds. The Association succeeded in having a local law passed prohibiting parking on their cul-de-sac. The petitioners seek a judicial dissolution of the Association pursuant to N-PCL 1102.

The Supreme Court properly dismissed the petitioners' first cause of action, in which the petitioners' sought dissolution of the Association under N-PCL 1102 (a) (2) on the grounds that the Association failed to comply with corporate formalities and that the Association never served a useful purpose. These allegations, accepted as true (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Cooper v 620 Props. Assoc., 242 AD2d 359 [1997]; Weiss v Cuddy & Feder, 200 AD2d 665 [1994]), do not fall within any of the enumerated grounds for judicial dissolution under N-PCL 1102 (a) (2).

In the second cause of action, the petitioners alleged that there were factions of members of the Association and internal dissension such that judicial dissolution would be beneficial to the members. Also, they alleged that the members of the Association engaged in oppressive conduct. Contrary to the petitioners' assertions, the Supreme Court properly determined the issue on the merits. Pursuant to CPLR 409 (b), in a special proceeding, where there are no triable issues of fact raised, the

court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it (*see Matter of Friends World Coll.·v Nicklin,* 249 AD2d 393, 394 [1998]). Here, a review of the pleadings and supporting affidavits and exhibits reveals that the petitioners failed to raise any triable issues of fact that would warrant a trial. The evidence did not demonstrate that the Association engaged in oppressive or illegal actions, or that there was internal dissension among the members of the Association such that it would be in the best interest of the members for the Association to be dissolved (*see* N-PCL 1102 [a] [2] [C], [D]; *Matter of Luther & Sons Co. v Geneva Bldrs. & Trade Assn.,* 52 AD2d 737 [1976]). Accordingly, the Supreme Court properly dismissed the second cause of action on the merits. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.