■ In the Matter of RANDY CLOE et al., Collectively Representing at Least 10 Percent of the Membership of the Sackets Harbor Fire Company, Inc., Appellants, et al., Petitioners, v ATTORNEY GENERAL OF THE STATE OF NEW YORK, Respondent. [895 NYS2d 626]—

Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 28, 2008. The judgment denied and dismissed the petition for judicial dissolution of the Sackets Harbor Fire Company, Inc.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking judicial dissolution of the Sackets Harbor Fire Company, Inc. (SHFC). In opposing the petition, respondent contended, inter alia, that the proceeding was defective because petitioners failed to name the Village of Sackets Harbor (Village) as a necessary party. The Board of Trustees of the Village (Board) thereafter moved to intervene pursuant to CPLR 401.

Supreme Court "denied and dismissed" the petition on the merits without a hearing (*see generally* CPLR 409 [b]; *Matter of*

*Korotun v Laurel Place Homeowner's Assn.*, 6 AD3d 710, 711-712 [2004]), and without determining whether the Village was a necessary party or deciding the Board's motion to intervene. We agree with respondent that the judgment must be affirmed, but our reasoning differs from that of the court. As respondent correctly contends as an alternative ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), the court properly dismissed the petition based on petitioners' failure to name the Village as a necessary party. We conclude that respondent preserved its contention for our review inasmuch as it was raised by respondent in its opposing papers.

The SHFC is a fire corporation that was established by resolution of the Board in 1950, as required by N-PCL 404 (f) (*see* N-PCL 1402). Petitioners' attempt to distinguish the SHFC from the Village Fire Department is of no avail (*see* 1994 Ops St Comp No. 94-18), although we note that such distinctions may be important under different circumstances (*see* 1990 Ops St Comp No. 90-19). Despite the fact that the SHFC was separately incorporated under N-PCL 1402, the Village nevertheless retained control over the SHFC as it would over a fire department or fire company (*see* N-PCL 1402 [e] [1]; Village Law §§ 10-1000, 10-1008; 1990 Ops St Comp No. 90-19; 1989 Ops St Comp No. 89-15; 1979 Ops St Comp No. 79-568). Thus, the Village was a necessary party to the proceeding and the petition was properly dismissed on that ground alone.

Based on our determination, we see no need to address petitioners' remaining contentions. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.