■ THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, Attorney General of the State of New York, Respondent, v JAMES LAWRENCE, SR., et al., Respondents, WILLIAM MAIN et al., Appellants, and VILLAGE OF SACKETS HARBOR, Respondent. [903 NYS2d 618]—

Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered March 18, 2009. The judgment, insofar as appealed from, denied in part the motion of respondents James Lawrence, Sr., William Main and Kenneth M. Lawrence, Sr. to dismiss the amended petition.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended petition is dismissed in its entirety.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, to recover funds expended by respondent James Lawrence, Sr., as a director of the Sackets Harbor Fire Company, Inc. (SHFC), and William Main and Kenneth M. Lawrence, Sr. (respondents), as officers of the SHFC. The SHFC is comprised of two separate fire stations: Station No. 1, which is located in and primarily serves respondent Village of Sackets Harbor (Village), and Station No. 2, which is located in and primarily serves the surrounding Town of Hounsfield. When the members of Station No. 2 determined to break away from Station No. 1 and form their own fire department, they voted to hire the law firm of Scicchitano & Pinsky (Pinsky firm) to seek dissolution of the SHFC. Thereafter, from February 28, 2007 through September 29, 2008, respondents, as treasurer and first assistant chief of Station No. 2, respectively, signed checks payable to the Pinsky firm that totaled over $26,000. All of the payments were approved by the members of Station No. 2. On September 27, 2007, the SHFC Board of Directors (Board) voted to transfer the assets of Station No. 2 to the newly formed Town of Hounsfield Fire Company, Inc. for no consideration and to seek dissolution of the SHFC.

In February 2008, various members of Station No. 2, including respondents, commenced a proceeding seeking judicial dissolution of the SHFC. Approximately two months later, a new Board was elected, and it opposed dissolution. Thus, the new Board passed a resolution "against the splitting up of the [SHFC]," and it rescinded the prior resolution authorizing dissolution. In a prior appeal, we affirmed the order "denying and dismissing" the petition seeking judicial dissolution on the ground that petitioner failed to name the Village as a necessary party (*Matter of Cloe v Attorney Gen. of the State of N.Y.*, 70 AD3d 1348 [2010]).

Petitioner thereafter commenced this proceeding, contending that the payments to the Pinsky firm were unlawful because they were not authorized by the Board, and respondents and James Lawrence (Lawrence) moved for summary judgment dismissing the amended petition in its entirety. We note that, although only three of the five respondents made the motion on behalf of the five respondents, we nevertheless treat the motion as made by all five respondents, in the interest of judicial economy. In support of the motion, respondents and Lawrence contended that the payments to the Pinsky firm were authorized pursuant to the SHFC bylaws and that respondents and Lawrence were protected by the business judgment rule because they had acted in good faith in making those payments. Supreme

Court denied those parts of the motion for summary judgment dismissing the amended petition against respondents, concluding that there were "irregularities" in the payments to the Pinsky firm that raised an issue of fact whether respondents were authorized to make the payments.

We conclude that respondents met their initial burden of establishing that the payments at issue were either authorized or made by respondents in good faith and that petitioner failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore reverse the judgment insofar as appealed from.

Pursuant to N-PCL 720 (b), petitioner may seek recoupment of funds improperly expended by officers of a not-for-profit corporation. To the extent that the Attorney General, on behalf of petitioner, contends that he is required to demonstrate only that the officers acted in a manner that is contrary to the interests of the corporation and thus that he is held to a common-law standard of liability that is lower than that contemplated by section 720, we reject that contention (*see generally People v Grasso*, 11 NY3d 64, 70-72 [2008]). N-PCL 720 (a) (1) (B) authorizes petitioner to commence a proceeding "[t]o compel the [respondent] to account for his [or her] official conduct" based upon "[t]he acquisition by himself [or herself], transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his [or her] duties." Because officers of a not-for-profit corporation are protected by the business judgment rule (*see* N-PCL 717), liability pursuant to section 720 (a) (1) "requires a showing that the officer or director lacked good faith in executing his [or her] duties" (*Grasso*, 11 NY3d at 71).

We reject petitioner's contention that respondents acted in bad faith in expending funds on behalf of Station No. 2 without authorization from the Board. In support of their motion, respondents and Lawrence submitted evidence that the bylaws of the SHFC give each station the authority to expend the funds belonging to that station. Each station maintained a separate bank account and, pursuant to the bylaws, each station had its own treasurer, who was required to "deposit all monies received by [him or her] belonging to the Fire Stations in the name of the Fire Stations." Respondents stated that, once Station No. 2 members authorized them to expend funds, they were required to do so. Each station had its own meetings during which members of the individual stations authorized various expenditures, and the minutes from the relevant meetings of Station No. 2 were submitted in support of the motion.

Furthermore, respondents and Lawrence submitted evidence that each station raised at least some of its separate funds and that, historically, each station used its separate funds for its separate purposes, including hiring its own attorney. Indeed, Station No. 2 had hired its own attorneys in the past to acquire property, and Station No. 1 had previously hired its own attorney in connection with a prior dispute with Station No. 2. The Village and officials from Station No. 1 had negotiated with the Pinsky firm for months with respect to the dissolution dispute and had never objected to Station No. 2's authority to retain the Pinsky firm. Each respondent stated that he received no personal benefit from the money paid to the Pinsky firm. In addition, respondents stated that, in making the payments, they had relied on the Pinsky firm's advice that the payments were authorized, and that statement was confirmed by the Pinsky firm.

In opposition to the motion, petitioner refuted virtually none of respondents' factual allegations. Indeed, petitioner submitted only an attorney's affirmation merely stating that some of the checks to the Pinsky firm were written a few days prior to authorization of those checks by the members of Station No. 2.

Petitioner further contends that respondents' expenditure of funds to retain the Pinsky firm in order to dissolve the corporation demonstrates a lack of good faith because, in the absence of a majority vote of all members of the SHFC to dissolve the corporation, the pursuit of dissolution may not be considered a legitimate corporate purpose. We reject that contention. Pursuant to N-PCL 1102 (a) (2), "ten percent of the total number of members" may commence a proceeding for judicial dissolution of a corporation under certain circumstances, and thus a minority interest has the power to dissolve a corporation. Moreover, in retaining the Pinsky firm, respondents received no personal gain beyond that of the members of Station No. 2 who authorized the payments.

Finally, we conclude that none of the "irregularities" noted by the court is sufficient to raise a triable issue of fact with respect to respondents' good faith in making the payments at issue. Present—Centra, J.P., Fahey, Peradotto and Lindley, JJ.