[950 NE2d 135, 926 NYS2d 399]

ANTHONY MARRACCINI, Appellant, v JOHN RYAN et al., Respondents, et al., Defendants.

Argued May 4, 2011; decided June 2, 2011

## POINTS OF COUNSEL

*Friedman, Harfenist, Kraut & Perlstein LLP*, Purchase (*Jonathan D. Kraut, Steven Jay Harfenist* and *Andrew C. Lang* of counsel), for appellant. The Second Department incorrectly concluded that Anthony Marraccini was not a licensed home improvement contractor since the issuance of the license to Marraccini, doing business as Coastal Construction, is both the legal and functional equivalent of issuing the license to Marraccini individually. (*B & F Bldg. Corp. v Liebig*, 76 NY2d 689; *Al-Sullami v Broskie*, 40 AD3d 1021; *J.G. Cerasuolo Constr., Inc. v Tyler*, 35 AD3d 376; *Price v Close*, 302 AD2d 374; *Callos, Inc. v Julianelli*, 300 AD2d 612; *Holiday Point Realty Co. v Kemper Corp.*, 118 AD2d 545; *Parks v Steinbrenner*, 115 AD2d 395; *Trustees of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v Faulkner*, 484 F Supp 2d 254; *Cusano v Horipro Entertainment Group*, 301 F Supp 2d 272; *Victor Auto Parts v Cuva*, 148 Misc 2d 349.)

*Brodsky & Peck*, Harrison (*Robert A. Brodsky* and *David J. Peck* of counsel), for respondents. I. Appellant's argument respecting the legal effect of the Appellate Division's order was not made in the lower court and should not be considered. (*Boles v Dormer Giant, Inc.*, 4 NY3d 235; *Duffy v County of Chautauqua*, 207 AD2d 1034; *Piersa, Inc. v Rosenthal*, 72 AD2d 593; *J.G. Cerasuolo Constr., Inc. v Tyler*, 35 AD3d 376; *Flax v Hommel*, 40 AD3d 809; *AEC Bldg. Assoc. v Crystal*, 246 AD2d 496.) II. The Appellate Division's decision and order had no effect on the legal status of assumed names. It simply followed the well-settled law that home improvement jobs must be done in the name on the contractor's license or he forfeits his right to

recover. (*J.G. Cerasuolo Constr., Inc. v Tyler*, 35 AD3d 376; *Racwell Constr., LLC v Manfredi*, 61 AD3d 731; *Flax v Hommel*, 40 AD3d 809; *AEC Bldg. Assoc. v Crystal*, 246 AD2d 496; *Piersa, Inc. v Rosenthal*, 72 AD2d 593; *Dartmouth Plan v Valle*, 117 Misc 2d 534.)

## OPINION OF THE COURT

SMITH, J.

We hold that a licensed home improvement contractor who enters into a contract using a name other than the one on his license is not barred from enforcing the contract unless the other party is deceived or otherwise prejudiced by the misnomer.

Plaintiff, Anthony Marraccini, filed a certificate with the Clerk of Westchester County on May 19, 1993, saying that he was transacting business under the name "Coastal Construction Development." The following day, Marraccini applied to the Westchester County Department of Consumer Protection for a home improvement license. He designated his ownership as "Individual," but wrote "Coastal Construction Development" after "Name of Company," and did not fill in the blank for a "D/B/A" name. After "Name of Applicant (President or Owner)" he wrote "Anthony Marraccini." The license was issued to Coastal Construction Development. Marraccini's own name does not appear on the license, but it is undisputed that Marraccini and Coastal are not separate legal entities. Thus Marraccini was personally licensed to do a home improvement business, though under a name other than his own.

Eleven years later, in 2004, Marraccini did construction, rehabilitation and maintenance work for defendants, John and Pam Ryan. In dealing with the Ryans, Marraccini used his own name, not Coastal Construction Development. The record does not show why he did not use the company name, but there is no indication that he was trying to or did deceive the Ryans. It is undisputed that, if the Ryans had gone to the Department of Consumer Protection Web site and searched for "Anthony Marraccini," they would have found his license, which was indexed under both names.

After the work was done, a dispute arose between Marraccini and the Ryans over whether he had been fully paid, and Marraccini brought this lawsuit against them. The Ryans moved for summary judgment on the ground, among others, that Marraccini was not licensed to do home improvement business in his

individual name. Supreme Court denied the motion, but the Appellate Division reversed and dismissed the complaint (71 AD3d 1100 [2010]), observing that, by doing business in his own name and not the name on his license, Marraccini violated Westchester County Administrative Code § 863.319 (1) (b). We granted leave to appeal (15 NY3d 799 [2010]), and now reverse.

Marraccini may indeed have violated section 863.319 (1) (b) of the County Code, which says in relevant part: "It shall be a violation to . . . [c]onduct a home improvement business in any name other than the one in which the person is licensed." The County Code provides civil and criminal penalties, not to exceed $1,000, for such a violation (Westchester County Code § 277.171 [1]; § 277.181). Repeat violators may incur larger fines, and imprisonment for up to 15 days (*id.*). The County Code does not, however, say that a violator is barred from bringing suit under a contract entered into under the wrong name. The question here is whether New York common law imposes such a sanction.

We conclude that it does not. The forfeiture of the right to be paid for work done is an excessive penalty for what seems to have been an inadvertent and harmless violation of the County Code. The case would be different if Marraccini had no license at all. *B & F Bldg. Corp. v Liebig* (76 NY2d 689, 693 [1990]) holds that a contractor who was unlicensed at the time a contract was executed or work performed may not maintain a cause of action. We see no reason, however, to extend the strict rule of *B & F Bldg. Corp.* to the much less serious violation at issue here.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and defendants' motion for summary judgment denied.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.