OPINION OF THE COURT
Jeffrey S. Brown, J.
Defendant/counterclaim plaintiff moves pursuant to CPLR 3212 and CPLR 3015 (e) for an order dismissing plaintiffs’ complaint on the grounds that plaintiff was not properly licensed as a home improvement business in accordance with the Nassau County Administrative Code and, according to the defendant, cannot maintain an action to recover money for home improvement work performed. Plaintiffs/counterclaim defendants cross-move pursuant to CPLR 3015 (e) and CPLR 3025 (b) for an order permitting them to amend their complaint to set forth plaintiffs’ home improvement license information.
Before this court is an action for breach of contract for the construction of a swimming pool at defendant’s residence. The plaintiffs are two separate corporate entities. Best Quality Swimming Pool Service, Inc. was formed June 19, 1992 and Swim World Pool and Spa, Inc. was formed on January 12, 2012. The document in question contains both corporate entities and does not contain any licensing information.
A deposition was taken of Jairo Arango who is president of both corporations. The testimony reveals that only Best Quality has a Nassau County home improvement license. The other corporation does not have a home improvement license. Mr. Ar-ango testified that both corporate entities are the same. The license is kept under Best Quality and the books are kept under Swim World. He owns both companies and just likes to use both names. They use the same office and have the same employees. While both corporations file taxes, it is Swim World that conducts the business and pays taxes for income earned from pool construction.
*921 In opposition to this motion, Jairo Arango also submits an affidavit. He states that he has been in the swimming pool construction business for 30 years. Since 1992, Best Quality Swimming Pool Service, Inc. has always been licensed by both Nassau and Suffolk County. Swim World was formed in 2012 for marketing reasons. Both corporations have the same place of business, and he is the president of both corporations. His accountant advised him that his employees may be paid by Swim World and his vans can have the Swim World signage. However, all work that is contracted with consumers is conducted through Best Quality. Further, Best Quality is specifically named on the engineering plan submitted to the Village of Hewlett Bay Park. Best Quality also purchased Workers’ Compensation Insurance and its name is found on the policy as the policyholder. There is also a liability insurance policy which names Best Quality as the insured and the certificate holder as the Village of Hewlett Bay Park. Best Quality is named on at least one billing statement which was mailed to the defendant. Finally, the mechanic’s lien that was filed against the defendant was in the name of Best Quality. The court notes that it is undisputed that Swim World Pool and Spa, Inc. is not a licensed home improvement corporation.
“Where the plaintiff’s cause of action against a consumer arises from the plaintiff’s conduct of a business which is required by state or local law to be licensed by the . . . Nassau County department of consumer affairs, the complaint shall allege, as part of the cause of action, that plaintiff was duly licensed at the time of services rendered and shall contain the name and number, if any, of such license.” (CPLR 3015 [e].)
A review of the original complaint demonstrates that plaintiff failed to allege the required name and license. The proposed amended complaint, however, contains the required allegations with respect to plaintiff Best Quality Swimming Pool Service, Inc.
Article 1, section 21-11.2 of the Nassau County Administrative Code states in relevant part that no person, which includes a corporation, shall own, maintain, conduct, operate, engage in or transact a home improvement business unless he is licensed pursuant to the Code. There is no doubt that standing by itself Swim World Pool and Spa, Inc. would be in violation of the Nassau County Administrative Code. However, under these factual circumstances, it would be putting form over substance *922 to find that Mr. Arango is unlicensed. It is clear that if the only plaintiff which commenced this action was Best Quality and, if the proper allegations were made part of the complaint, there would be no violation of the Nassau County Administrative Code. In the case of Marraccini v Ryan (17 NY3d 83 [2011]) the Court distinguished a contractor who has never been licensed from a contractor that is licensed under a different name. A contractor who was unlicensed at the time the contract was executed or work was performed may not maintain a cause of action (see B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]). However, under these factual circumstances, a different result is required. Applying the rationale of the Court of Appeals in Marraccini, the instant violation would be harmless. Forfeiting the right to be paid would be an excessive penalty under these factual circumstances. New York common law does not impose such a sanction when a contract is brought under a different name {Marraccini).
Defendant next points to Nassau County Administrative Code § 21-11.9 (8) which states that a home improvement business cannot be conducted “in any name other than the one in which the contractor is licensed.” Additionally section 21-11.5 (2) provides in relevant part that the license may not be transferred or assigned. That is not the case here. The facts here do not support a violation of the two aforesaid sections. Again, this is not a case where the contractor did not have a license. Rather, one of the corporate plaintiffs, which is owned by the same person, does have a Nassau County home improvement license. The motion to dismiss is therefore denied.
With respect to the cross motion, the application to amend the complaint to allege the requisite allegations as required by CPLR 3015 (e) is granted. The decision whether to allow a pleading to be amended rests within the sound discretion of the court. (Pagan v Quinn, 51 AD3d 1299 [3d Dept 2008]; Trataros Constr., Inc. v New York City School Constr. Auth., 46 AD3d 874 [2d Dept 2007].) Leave to amend a pleading will be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit, and will not prejudice or surprise the opposing party (Shovak v Long Is. Commercial Bank, 50 AD3d 1118, 1120 [2d Dept 2008], lv dismissed in part, denied in part 11 NY3d 762 [2008]; Lucido v Mancuso, 49 AD3d 220 [2d Dept 2008]; Bolanowski v Trustees of Columbia Univ. in City of N.Y., 21 AD3d 340 [2d Dept 2005]). To establish prejudice, which must be significant, there must be some *923 indication that the opposing party has incurred some change in position or hindrance in the preparation of the case which could have been avoided had the original pleading contained the proposed amendment. (Spitzer v Schussel, 48 AD3d 233 [1st Dept 2008].) Under these circumstances, there is no prejudice to the defendant.
The attached proposed amended pleading is unsigned. Leave is given to plaintiff to serve the attached proposed amended complaint once it is verified by plaintiff. Such service shall be made within 30 days of the date of this order.
All applications not specifically addressed herein are denied.