Matter of Inzer v West Brighton Fire Dept., Inc. (2019 NY Slip Op 05279)





Matter of Inzer v West Brighton Fire Dept., Inc.


2019 NY Slip Op 05279


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


285 CA 18-00329

[*1]IN THE MATTER OF PAT A. INZER, BRUCE HALL, DEAN C. MARSHALL, III, KEVIN HALL, JAMES QUINN, FOR JUDICIAL DISSOLUTION OF WEST BRIGHTON FIRE DEPARTMENT, INC., PURSUANT TO NOT-FOR-PROFIT CORPORATION LAW § 1102, AND TOWN OF BRIGHTON, PETITIONERS-RESPONDENTS,
v
WEST BRIGHTON FIRE DEPARTMENT, INC., RESPONDENT-APPELLANT, AND ERIC T. SCHNEIDERMAN, AS ATTORNEY GENERAL OF THE STATE OF NEW YORK, RESPONDENT. 






PINSKY LAW GROUP, PLLC, SYRACUSE (DAVID B. GARWOOD OF COUNSEL), FOR RESPONDENT-APPELLANT.
HANNIGAN LAW FIRM PLLC, DELMAR (TERENCE S. HANNIGAN OF COUNSEL), FOR PETITIONER-RESPONDENT TOWN OF BRIGHTON.
LAW OFFICES OF MARK C. BUTLER, WILLIAMSVILLE (MARK C. BUTLER OF COUNSEL), FOR PETITIONERS-RESPONDENTS PAT A. INZER, BRUCE HALL,
 


 Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered May 5, 2017. The order granted the petition for judicial dissolution of respondent West Brighton Fire Department, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent West Brighton Fire Department, Inc. (WBFD) appeals from an order that granted pursuant to N-PCL 1102 (a) (2) (E) a petition seeking judicial dissolution of WBFD. We affirm.
WBFD contends that, inasmuch as the petition was not filed by the requisite 10% of WBFD's members (see N-PCL 1102 [a] [2]), Supreme Court erred in denying WBFD's motion to dismiss the petition. We reject that contention. The court granted an amendment of the petition to add two additional members of WBFD as petitioners and, pursuant to N-PCL 1105, such an amendment is deemed nunc pro tunc, i.e., as if the petition were originally filed as amended (see generally La Sorsa v Algen Press Corp., 105 AD2d 771, 772 [2d Dept 1984]). Following the trial, WBFD contended for the first time that the court had lacked the authority to add the two additional members as petitioners because there was never any formal motion to do so and that courts cannot sua sponte add petitioners. Even assuming, arguendo, that WBFD's contention is properly before this Court, we conclude that it lacks merit.
It is well settled that oral motions, including oral motions to add petitioners, are not prohibited (see Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist., 152 AD3d 1218, 1219 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; see generally Matter of Shanty [*2]Hollow Corp. v Poladian, 23 AD2d 132, 133-134 [3d Dept 1965], affd 17 NY2d 536 [1966]). Here, petitioners "present[ed] affidavits or other competent evidence in support of [their]" request to add two additional members of WBFD as petitioners (Kaiser v J & S Realty, 173 AD2d 920, 921 [3d Dept 1991]), and we conclude that the court granted an amendment of the petition to add those members in the "proper exercise of discretion" (Shanty Hollow Corp., 23 AD2d at 134). Contrary to WBFD's contention, this is not a situation where a court added a petitioner "on its own initiative," i.e., independently of any request to do so (New Medico Assoc. v Empire Blue Cross & Blue Shield, 267 AD2d 757, 758 [3d Dept 1999]).
Additionally, WBFD contends in its main brief that petitioner Town of Brighton (Town) could not serve as a petitioner and should not have been permitted to present and cross-examine witnesses. In its reply brief, however, WBFD correctly concedes that the Town is a necessary party (see N-PCL 1402 [e] [1]; Matter of Cloe v Attorney Gen. of the State of N.Y., 70 AD3d 1348, 1349 [4th Dept 2010]), but nevertheless contends that the Town was not empowered to commence a dissolution proceeding. That latter contention, although raised on the motion to dismiss the petition, was improperly raised on this appeal for the first time in WBFD's reply brief (see Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5 NY3d 702 [2005]). We therefore do not address it.
WBFD further contends that the court erred in according any weight to the opinion of respondent Eric T. Schneiderman, as Attorney General of the State of New York (Attorney General). We reject that contention. The Attorney General is a necessary party to judicial dissolution proceedings (see N-PCL 1102 [b]) and, as such, had the right to oppose or to support the petition (see generally Cloe, 70 AD3d at 1348).
Finally, we have reviewed WBFD's challenges to the ultimate determination of the court to grant the petition for dissolution on the ground that WBFD was "no longer able to carry out its purposes" (N-PCL 1102 [a] [2] [E]), and we conclude that they lack merit. WBFD correctly contends that petitioners had the burden to establish that WBFD was incapable of fulfilling its purposes (see generally Matter of Cusato v Glen at Great Kills Homeowners Assn., 23 AD3d 464, 464 [2d Dept 2005]), but "[i]n the absence of a clear abuse of discretion" by the court, we will not disturb its determination in a dissolution proceeding (Matter of John Luther & Sons Co. v Geneva Bldrs. & Trade Assn., 52 AD2d 737, 738 [4th Dept 1976]; see also Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 73 [1984]; but see Matter of Singh v Baba Makhan Shah Lobana Sikh Ctr., Inc., 115 AD3d 962, 962 [2d Dept 2014]). The determination of the court in this nonjury trial that WBFD was no longer able to carry out "the purpose or purposes for which it [was] formed" (N-PCL 402 [a] [2-a] [emphasis added]; see
N-PCL 1102 [a] [2] [E]), as opposed to its ability to carry out ancillary activities "in furtherance of such purpose or purposes"
(N-PCL 402 [a] [2-a]), is based on a fair interpretation of the evidence and, therefore, should not be disturbed (see Cianchetti v Burgio, 145 AD3d 1539, 1540-1541 [4th Dept 2016], lv denied 29 NY3d 908 [2017]; see generally Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]). Contrary to WBFD's contention, the court properly considered the "paramount" issue of the benefit of dissolution to the members of WBFD (N-PCL 1109 [b] [2]), and its determination that dissolution would benefit the members is supported by the evidence and also should not be disturbed (see generally Cusato, 23 AD3d at 464; John Luther & Sons Co., 52 AD2d at 738).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court