A&J Sprinkler Sys., Inc. v 5 Harvest Dr. LLC (2025 NY Slip Op 51547(U))

[*1]

A&J Sprinkler Sys., Inc. v 5 Harvest Dr. LLC

2025 NY Slip Op 51547(U)

Decided on September 9, 2025

Supreme Court, Westchester County

Walsh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2025
Supreme Court, Westchester County

A&J Sprinkler Systems, Inc., Plaintiff,

against
5 Harvest Drive LLC, GEORGE JATHAS and GABRIELLE JATHAS, Defendants.

Index No. 57500/2025

JASNE & FLORIO, L.L.P.
By: Daniel F. Florio, Jr., Esq.
Attorneys for Plaintiff
30 Glenn Street, Suite 103
White Plains, NY 10603
KEANE & BEANE, P.C.
By: Andrew P. Tureaud, Esq.
Attorneys for Defendants 
445 Hamilton Ave., 15th Floor
White Plains, NY 10601
Gretchen Walsh, J.

The following e-filed documents, listed in NYSCEF by document numbers 7-15 were read on this motion by Defendants 5 Harvest Drive LLC ("Harvest Drive"), George Jathas ("George"), and Gabrielle Jathas ("Gabrielle") (collectively, the "Defendants") for an Order dismissing the Complaint of Plaintiff A&J Sprinkler Systems, Inc. ("A&J" or "Plaintiff") pursuant to CPLR 3015(e) and 3211(a)(7), vacating and discharging the mechanic's lien filed by A&J against the residence located at 5 Harvest Drive, Scarsdale, New York (the "Premises").
The following e-filed documents, listed in NYSCEF by document numbers 19-29 were [*2]read on this cross-motion by Plaintiff for an Order pursuant to CPLR 3025(b) and CPLR 3015(e) granting Plaintiff leave to file and serve a Supplemental Summons and Amended Complaint which, inter alia, adds "Forgione Landscaping, Inc. doing business as A&J Sprinkler Systems and A&J Landscaping" as an additional Plaintiff; and for an Order amending the caption to add "Forgione Landscaping, Inc. doing business as A&J Sprinkler Systems and A&J Landscaping" as an additional Plaintiff.
RELEVANT FACTUAL AND PROCEDURAL
BACKGROUND
Plaintiff commenced this action by the filing of a Summons and Verified Complaint on February 13, 2025 ("Complaint" [NYSCEF Doc. No. 11]) which seeks to foreclose on a mechanic's lien filed July 25, 2024, with the Westchester County Clerk's Office in the amount of $6,549.33 (the "Lien" [NYSCEF Doc. No. 9]) and seeks release of the funds filed with the Westchester County Clerk on September 17, 2024 by Defendants in the amount of $6,642.71 (NYSCEF Doc. No. 10) .
A&J asserts that it is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York having its principal place of business at 5 The Oval, Cortlandt Manor, New York 10567 (Complaint at ¶ 1). Plaintiff alleges that (1) Defendant Harvest Drive "is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York having its principal place of business at 5 Harvest Drive, Scarsdale, New York 10583"; (2) Defendant George "is an individual who currently resides or has an actual place for business at 2480 Library Way, Suite 331, Sanibel Florida 33957"; (3) Defendant Gabrielle "is an individual who currently resides or has an actual place for business at 26961 Clarkston Dr, Unit 9203, Bonita Springs Florida 34135"; (4) Defendants George and Gabrielle "are the sole members of the defendant 5 Harvest Drive LLC"; and (5) Defendants George and Gabrielle "are the prior owners of the property known as 5 Harvest Drive, Scarsdale, New York who purchased [it] in their individual names on October 9, 2002, by deed recorded on November 20, 2002 in the Westchester County Clerk's Office, as Control Number 423180282 and then transferred [it] to 5 Harvest Drive LLC for no consideration, by deed dated March 9, 2022 and recorded in the Westchester County Clerk's Office on June 15, 2022 as Control Number 620513001" (id. at ¶¶ 2-6). Plaintiff further asserts that at all times relevant to the Complaint, the Premises were owned by Harvest Drive (id. at ¶ 10).
Plaintiff alleges that George and Gabrielle entered into an agreement with A&J to perform professional services including "the supply of labor and the supply and installation and maintenance of a lawn sprinkler system, seasonal openings and closings of the lawn sprinkler system, adjustments to the system timer, the relocation of a section of the sprinkler system, the installation to the sprinkler system of two Hunter pgp rotaries, one Toro 573 three-inch spray head, four nozzle and filters, three drip breaks, the raising of two sprinkler heads, a new 9-volt battery and installation, and services and materials for the maintenance of the irrigation and sprinkler systems installed on the premises in connection with the improvement" of the Premises (id. at ¶ 11). Plaintiff asserts that it duly performed its professional services and supplied/furnished its first item of work and material at the Premises on May 4, 2018 and its last item of work and material on May 21, 2024 (id. at ¶¶ 12-13).
A&J further asserts that it rendered its professional services to the satisfaction of George and Gabrielle who retained the benefit of such services, but Defendants failed to pay the agreed [*3]price of $6,549.33 in breach of their obligations, despite Plaintiff demanding payment (id. at ¶¶ 14-18).
Plaintiff asserts that it filed a Notice of Mechanic's Lien in the sum of $6,549.33 on July 25, 2024 in the Westchester County Clerk's Office, which was within four months of the final performance of the work and final furnishing of the last item of materials, and which was duly served on Defendants in compliance with New York Lien Law § 10 (id. at ¶¶ 22-23, 25). Plaintiff reiterates that the work was duly performed and was related to the installation and maintenance of the lawn sprinkler system on the Premises and that the Defendants failed to make any payments towards the total agreed upon price of $6,549.33 (id. at ¶¶ 26-28).
Plaintiff further asserts that on or about September 17, 2024, Harvest Drive deposited the sum of $6,642.71 into Court to cause the discharge of the Lien by the Westchester County Clerk and the Lien was discharged as of record on September 17, 2024 (id. at ¶ 30). Plaintiff asserts that on or about September 30, 2024, Harvest Drive sold the Premises "by deed executed by George Jathas, as authorized member" free and clear of the Lien (id. at ¶ 31). Finally, Plaintiff asserts that the Lien was not paid; that Plaintiff has not brought any other action or proceeding at law or in equity to foreclose on the Lien; and that Plaintiff is entitled to equitably foreclose on the Lien (id. at ¶¶ 32-34).
Plaintiff seeks judgment adjudging: (1) that it acquired a good and valid lien upon the Premises "to ensure recovery of professional services including [the] supply of labor and supply and installation of materials . . . in connection with improvement of the [Premises] . . . in the sum of $6,549.33" together with interest and the costs of this action; (2) that "as a result of Defendants depositing the sum of $6,642.71 into [C]ourt" and the discharging of the Lien from the Premises, that Plaintiff has a lien against said sum deposited in the amount of $6,549.33 with interest and the costs of this action and that Plaintiff have judgment against Defendants for any deficiency that may remain after such payment is made; (3) that if it be determined and adjudged that Plaintiff did not have a valid and subsisting lien upon the Premises at the time of the cancellation and discharge thereof by the depositing of said monies into Court, Plaintiff may have a personal judgment against the Defendants for the sum of $6,549.33 with interest thereon from July 25, 2024, together with the costs and disbursements of this action; and (4) that Plaintiff be awarded the expenses of this action, including attorneys' fees (id. at 8-9).
DEFENDANTS' MOTION TO DISMISS (MOT. SEQ. NO. 1)
A. Defendants' Contentions in Support
In support of their motion, Defendants submit: (1) an affirmation of Andrew Tureaud, Esq. dated March 20, 2025 (NYSCEF Doc. No. 8), together with its attached exhibits (NYSCEF Doc. Nos. 9-13); and (1) a memorandum of law dated March 20, 2025 (NYSCEF Doc. No. 14).
In their memorandum of law, Defendants contend that Plaintiff's failure to be licensed as a home improvement contractor in Westchester County when the work was performed requires the dismissal of the Complaint and discharge of the Lien (id. at 1; see also NYSCEF Doc. No. 8 at ¶¶ 4-10). Defendants assert that the Westchester County Administrative Code (the "Code") requires home improvement contractors to be licensed by the Westchester County Department of Consumer Protection and that, as a matter of law, an unlicensed home improvement contractor cannot recover in contract or equity (NYSCEF Doc. No. 14 at 1-2).
In his affirmation, Tureaud asserts that Code § 863 requires Plaintiff to be licensed as a home improvement contractor in order to perform underground sprinkler work for which it seeks to recover from Defendants (NYSCEF Doc. No. 8 at ¶¶ 12, 14). Tureaud further asserts that he was advised by the Westchester County Department of Consumer Protection via telephone and email that Plaintiff was not a licensed home improvement contractor from May 4, 2018 through May 21, 2024, the time period when Plaintiff performed the work for which it seeks to recover (id. at ¶¶ 13, 16-18; see also NYSCEF Doc. Nos. 12, 13).
Defendants argue that it is well settled law that an unlicensed home improvement contractor cannot recover for services rendered in contract or in quantum meruit (NYSCEF Doc. No. 14 at 3). Defendants contend that it is undisputed that Plaintiff was not licensed in Westchester County as a home improvement contractor when it rendered the work claimed in the Lien (id. at 3) and that such violation of Code §§ 863.312(1) and 863.319(1)(i) by A&J should result in dismissal of the Complaint and the discharge and vacatur of the Lien, as a matter of law (id.).
Additionally, Defendants argue that Plaintiff's failure to plead in the Complaint that it was a duly licensed home improvement contractor when it performed the work alleged in the Lien is fatal to the Complaint pursuant to CPLR 3015(e) (id.). Defendants contend that A&J cannot comply with CPLR 3015(e) because it never held a home improvement contractor license (id.). Therefore, the Complaint should be dismissed and the Lien vacated and discharged.
PLAINTIFF'S CROSS-MOTION TO AMEND (MOT. SEQ. NO. 2)
A. Plaintiff's Contentions in Support of Cross-Motion and in Opposition to Motion
In support of its cross-motion and in opposition to Defendants' motion, Plaintiff submits: (1) an affirmation of Joseph Forgione ("Forgione"), President of A&J as well as Forgione Landscaping, Inc. d/b/a A&J Sprinkler Systems and A&J Landscaping (the "Proposed Additional Plaintiff") dated May 19, 2025 ("Forgione Aff." [NYSCEF Doc. No. 20]) together with its attached exhibits (NYSCEF Doc. Nos. 21—23); (2) an affirmation of Daniel F. Florio, Jr., Esq. in Opposition to Defendants' Motion to Dismiss and in support of Plaintiff's Cross-Motion (NYSCEF Doc. No. 24); and (3) a memorandum of law in Opposition to Defendant's Motion and in Support of Plaintiff's Cross-Motion (NYSCEF Doc. No. 25).
In his Affirmation, Forgione attests to, inter alia, his personal knowledge of the records maintained by Plaintiff and Proposed Additional Plaintiff for the account that is the subject of the Complaint, the procedures for creating those records, as well as the corporate records of Plaintiff and Proposed Additional Plaintiff (Forgione Aff. at ¶ 2). Forgione further affirms that Forgione Landscaping Inc., a New York corporation, was initially formed in 1986 and that as the business expanded and demand for lawn sprinkler systems increased, the business began to install and maintain such systems (id. at ¶ 4) and A&J was formed in 2000 at the advice of the company's accountant for billing and advertising purposes (id. at ¶ 5). According to Forgione, the Home Improvement License issued by Westchester County is in the name of "'Forgione Landscaping Inc., A&J Landscaping, 5 The Oval, Courtlandt Manor, New York 10467'" and that the license was issued and in good standing when Plaintiff and Proposed Additional Plaintiff performed work for the Defendants (id. at ¶¶ 6, 8; see also Home Improvement License [*4][NYSCEF Doc. No. 21]). Forgione asserts that his individual name also appears as a contractor associated with the Proposed Additional Plaintiff on the Westchester County licensing records website (Forgione Aff. at ¶ 7). Forgione affirms that the New York State Department of State, Division of Corporations records lists two assumed names for Forgione Landscaping Inc: A&J Landscaping and A&J Sprinkler Systems (Forgione Aff. at ¶ 9; see also NYSCEF Doc. No. 22).
Forgione then states that both Plaintiff and the Proposed Additional Plaintiff corporations share the same business address, principals, bank accounts, employees, and Workers' Compensation policy insurance and, therefore, both corporations are united in interest and Plaintiff, through Proposed Additional Plaintiff, provided home improvement work, labor, materials, and services to Defendants pursuant to a valid and effective home improvement license (Forgione Aff. at ¶¶ 11-15, 17-18). Forgione also asserts that the employees are paid by check from "Forgione Landscaping Inc. dba A&J Landscaping" (id. at ¶ 16); that George and Gabrielle knew and interacted with him personally for approximately five years irrespective of any corporate structure (id. at ¶ 19); that there was no confusion, deception, or surprise to Defendants regarding a license (id.); and that Defendants never claimed or insinuated that the work performed was not subject to a proper license and, therefore, Defendants should not have to pay (id.).
In its memorandum of law, Plaintiff contends that the Code and case law cited by Defendants refer to situations in which a home improvement contractor is clearly unlicensed and in direct contravention of the public policy protecting consumers from unlicensed contractors (NYSCEF Doc. No. 25 at 2). Plaintiff further argues that it was licensed through the Proposed Additional Plaintiff and, therefore, Defendants' reliance on the cited Code sections and case law is misplaced (id.).
Plaintiff further contends that, assuming the Court determines Plaintiff was not conducting business as a home improvement contractor, both companies are owned by the same individuals (Joseph Forgione and Anthony Forgione), Forgione is the President of both and is the contractor associated with Forgione Landscaping Inc.'s license (id. at 2-3).
Plaintiff argues that the facts in this case are analogous to those in Marraccini v Ryan (17 NY3d 83 [2011]), where the Court of Appeals distinguished a contractor who has never been licensed from a contractor that is licensed under a different name and "held that a home improvement contractor who brought suit as an individual was not barred from enforcing a contract that was entered into under the [individual's] company's name which possessed the Westchester County home improvement license" (id. at 3).
Plaintiff further relies upon Best Quality Swimming Pool Serv., Inc. v Pross (54 Misc 3d 919 [Sup Ct, Nassau County 2016]), where the Supreme Court reviewed Nassau County's Administrative Code, which contains similar language to this Code regarding the licensing of home improvement contractors and denied the motion to dismiss because "one of the corporate plaintiffs, which is owned by the same person, [has] a Nassau County home improvement license" (Best Quality Swimming Pool Serv., Inc., 54 Misc 3d at 922). Plaintiff points out that the license is held by the Proposed Additional Plaintiff, who is also owned by the same people as Plaintiff (id.).
In support of its cross-motion seeking leave to amend the Complaint to add the Proposed Additional Plaintiff Forgione Landscaping, Inc. d/b/a A&J Landscaping and d/b/a A&J Sprinklers and the additional language that comports with CPLR 3015(e), Plaintiff contends that CPLR 3015(e) permits the amendment of a complaint pursuant to CPLR 3025 to provide the [*5]license number and name of the license issuing agency (id. at 4—5). According to Plaintiff, allowing Plaintiff to amend its Complaint would neither surprise nor prejudice Defendants because this action was only recently filed, Defendants have not yet answered the Complaint, and Plaintiff promptly cross-moved to correct the alleged pleading defect (id. at 5).
B. Defendants' Contentions in Opposition to Plaintiff's Cross-Motion and in Further Support of Their Motion
In reply, Defendants submit: (1) a reply affirmation of Andrew P. Tureaud, Esq. ("Reply Aff." [NYSCEF Doc. No. 29]) together with its annexed exhibits (NYSCEF Doc. Nos. 27-28); (2) and a reply memorandum of law dated June 5, 2025 (NYSCEF Doc. No. 26). In their reply memorandum, Defendants contend that Plaintiff's argument is flawed because Forgione Landscaping, Inc. and Plaintiff A&J Sprinkler Systems, Inc. are two "wholly separate and distinct" corporations/legal entities and the work at issue was performed and billed by Plaintiff and that "the home improvement license relied upon by A&J was issued to "Forgione Landscaping, Inc. d/b/a A&J Landscaping" (NYSCEF Doc. No. 26 at 2, 4). Furthermore, Defendants contend that Forgione does not allege he holds a home improvement license in his individual capacity, but rather that a license is held by Forgione Landscaping, Inc. which also does business as A&J Landscaping (id. at 3). Defendants distinguish the case law cited by Plaintiff because they claim that both cases did not involve a separate legal entity holding a license from the entity that performed the work (id. at 3-4). Defendants contend that Forgione never held a home improvement license in his individual capacity and that his claim that Plaintiff and Forgione Landscaping, Inc. are "'united in interest'" is unavailing to establish compliance with the Code (id. at 4).
Defendants also argue that Plaintiff's motion to amend the Complaint should be denied because the home improvement license issued to Forgione Landscaping, Inc. is not applicable to Plaintiff (id. at 4). Defendants contend the case law cited by Plaintiff in support of its motion to amend the Complaint relates to an after-acquired home improvement license and, as such, is distinguishable (id.). Finally, Defendants argue the Court should deny Plaintiff's motion to amend the Complaint because Plaintiff cannot allege compliance with Code § 863.319(1)(b) by virtue of the home improvement license issued to Forgione Landscaping, Inc. (id. at 5-6).
DISCUSSION
The legal standards to be applied in evaluating a motion to dismiss pursuant to CPLR 3211(a)(7) are well-settled. In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211(a)(7), the sole criterion is whether the pleading states a cause of action (Cooper v 620 Properties Assoc., 242 AD2d 359 [2d Dept 1997]). If from the four corners of the complaint factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, a motion to dismiss will fail (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144; Cooper, 242 AD2d at 360). The court's function is to "'accept . . . each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiff's ability ultimately to establish the truth of these averments before the trier of the facts'" (Cooper, 242 AD2d at 360, quoting 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509 [1979]). The pleading is to be liberally construed and the pleader afforded the [*6]benefit of every possible favorable inference (511 W. 232nd Owners Corp., 98 NY2d 144).
Where the plaintiff submits evidentiary material, the court must determine whether a cause of action exists rather than whether one has been stated (Leon v Martinez, 84 NY2d 83 [1994]; Simmons v Edelstein, 32 AD3d 464 [2d Dept 2006]; Hartman v Morganstern, 28 AD3d 423 [2d Dept 2006]; Meyer v Guinta, 262 AD2d 463 [2d Dept 1999]). "On the other hand, a plaintiff may rest upon the matter asserted within the four corners of the complaint and need not make an evidentiary showing by submitting affidavits in support of the complaint. A plaintiff is at liberty to stand on the pleading alone and, if the allegations are sufficient to state all of the necessary elements of a cognizable cause of action, will not be penalized for not making an evidentiary showing in support of the complaint" (Martin v Restaurant Assoc. Events Corp., 35 Misc 3d 215, 221 [Sup Ct, Westchester County 2012], affd 106 AD3d 785 [2d Dept 2013]; Kempf v Magida, 37 AD3d 763 [2d Dept 2007]; see also Rovello v Orofino Realty Co., 40 NY2d 633 [1976]). Further, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint." (Leon, 84 NY2d at 88).
CPLR 3015(e) provides, in relevant part, that
[w]here the plaintiff's cause of action against a consumer arises from the plaintiff's conduct of a business which is required by state or local law to be licensed by the department of consumer affairs of . . . the county of Westchester . . . the complaint shall allege, as part of the cause of action, that plaintiff was duly licensed at the time of services rendered and shall contain the name and number, if any, of such license and the governmental agency which issued such license. The failure of the plaintiff to comply with this subdivision will permit the defendant to move for dismissal pursuant to paragraph seven of subdivision (a) of rule thirty-two hundred eleven of this chapter (CPLR 3015[e]).
"'Pursuant to CPLR 3015(e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover in quantum meruit for home improvement services is subject to dismissal under CPLR 3211(a) (7) if it does not allege compliance with the licensing requirement'" (Cunningham v Nolte, 188 AD3d 806, 807 [2d Dept 2020], quoting ENKO Constr. Corp. v Aronshtein, 89 AD3d 676, 677 [2d Dept 2011]).
Code § 863.313(1) requires home improvement contractors to be licensed by the County of Westchester by providing that "[n]o person shall maintain, conduct, advertise, operate, or engage in the home improvement business within the County of Westchester, or hold himself or herself out as being able to do so, unless such person is licensed pursuant to this Article" (Code § 863.313[1]). However, the Code "does not say that a violator is barred from bringing suit under a contract entered into under the wrong name" (Marraccini, 17 NY3d at 86).
Here, A&J was not licensed in its own name at the time the services in question were rendered and failed to plead compliance with the licensing requirement in the Complaint. However, accepting all of Plaintiff's allegations as true, A&J not being licensed in its own name is a technical and harmless violation of the Code, and "forfeiture of the right to be paid for work done is an excessive penalty" for such a violation (Marraccini, 17 NY3d at 86). Furthermore, the failure to plead compliance with the Code can be remedied by an amended complaint (see Best Quality Swimming Pool Serv., Inc., 54 Misc 3d 919).
A review of the records submitted from the Department of State reveals that Forgione [*7]Landscaping, Inc. possesses a home improvement license and A&J Sprinkler is listed as one of the assumed names for Forgione Landscaping, Inc., with A& J Landscaping listed as another (NYSCEF Doc. Nos. 21-22). Moreover, Forgione Landscaping, Inc., and A&J share the same business address, principals, employees, bank accounts and Worker's Compensation coverage (NYSCEF Doc. No. 20 at ¶¶ 10-11, 13-17; see Best Quality Swimming Pool Serv., Inc., 54 Misc 3d 919; see also Matter of Harmon v Ivy Walk Inc., 48 AD3d 344, 347 [1st Dept 2008], lv denied 11 NY3d 701 [2008] ["[I]t has long been held that 'a corporation may be known by several names in the transaction of its business, and it may enforce and be bound by contracts entered into in an adopted name other than the regular name under which it was incorporated . . . .' There is no issue here that the parties did not know whom they were dealing with, since [Defendant] had the same principals, offices and contact information as those on file"]; Quick Start Constr. Corp. v Staiger, 77 AD3d 900, 901 [2d Dept 2010] ["[S]ince corporations function only through the agency of others . . . [the] defendants failed to make [a] prima facie showing that [the] license did not encompass the plaintiff, as well as its principal"]).
To dismiss the Complaint under these facts would be to put form over substance of the Code's licensing requirement (Best Quality Swimming Pool Serv., Inc., 54 Misc 3d 919).
Turning to Plaintiff's motion to amend, "[l]eave to amend a pleading . . . should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit, or unless prejudice or surprise to the opposing party results directly from the delay in seeking leave to amend " (Kruger v EMFT, LLC, 87 AD3d 717, 718 [2d Dept 2011]). "'A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed'" (Thomson v Watchtower Bible Tract Socy. of NY, Inc., 198 AD3d 996, 997-998 [2d Dept 2021], quoting Saleh v 5th Avenue Kings Fruit & Vegetables Corp., 92 AD3d 749, 750 [2d Dept 2012]). "'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (Oppedisano v D'Agostino, 196 AD3d 497, 498 [2d Dept 2021], quoting Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853 [2d Dept 2020]). 
Here, Plaintiff seeks to add the Proposed Additional Plaintiff, which holds a home improvement license and additional language which comports with CPLR 3015(e). Defendants have failed to show that the proposed amendment is prejudicial, surprising, palpably insufficient, or devoid of merit.
Therefore, Defendants motion to dismiss shall be denied and Plaintiff's motion to amend shall be granted.
CONCLUSION
Based on the foregoing papers and for the reasons stated, it is hereby
ORDERED, that Defendants' motion to dismiss (Motion Seq. No. 1) is denied; and it is further
ORDERED, that Plaintiff's cross-motion to amend (Motion Seq. No. 2) is granted; and it is further
ORDERED, that Plaintiff shall file and serve the proposed Amended Complaint dated May 19, 2025 (NYSCEF Doc. No. 23), within five days of this Decision and Order; and it is further
ORDERED, that Defendants shall file an Answer within twenty days thereafter; and it is further
ORDERED, that a Preliminary Conference Stipulation [*8](http://www.nycourts.gov/LegacyPDFS/courts/9jd/civilCaseMgmt/12_6_PC.pdf) shall be uploaded to NYSCEF no later than September 15, 2025 and counsel shall appear for an in-person preliminary conference on September 16, 2025 at 9:30 a.m. in Courtroom 105.
The foregoing constitutes the Decision and Order of this Court.
Dated: September 9, 2025
White Plains, New York
E N T E R:
Hon. Gretchen Walsh
Justice of the Supreme Court